UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80528-CIV-RYSKAMP/HOPKINS

ODENER ST. FLEUR, on his own
behalf and others similarly situated,

    Plaintiff,

v.

FORWARD PROGRESS, INC.
dba MAINSTREET CAR WASH,
a Florida profit corporation,
and KENNETH R. ZENGAGE, individually,

    Defendants.
_____/

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER FOR PLAINTIFF'S COUNSEL TO FILE MOTION REQUESTING ATTORNEYS' FEES AND COSTS IF PARTIES ARE UNABLE TO RESOLVE THE FEE ISSUE**

**THIS CAUSE** came before the Court upon the Parties' Joint Motion for Approval of Settlement Agreement Exclusive of Attorneys' Fees and Costs and Memorandum of Law ("Motion"), filed July 23, 2012 **[DE 22]**.  With the Motion, the Parties included the Settlement Agreement ("Settlement Agreement").

When a private action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as is the case with the instant action, the court "may enter a stipulated judgment after scrutinizing the settlement for fairness."  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  After careful consideration of the settlement agreement, the Court finds that it represents a fair and reasonable resolution of a bona fide FLSA suit.  *See Lynns' Food Stores, Inc.*, 679 F.2d at 1353.  The Court has reviewed the Motion and the Parties'

Settlement Agreement, and is otherwise fully advised in the premises. It is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Parties' Settlement Agreement is Ratified, Adopted, and Approved in its entirely and shall be enforced according to its terms;

2. Plaintiff's Counsel shall file Plaintiff's Motion Requesting Attorneys' Fees and Costs within ten (10) days of the Court's Order if the parties are not able to resolve the remaining issue of attorneys' fees and costs.

3. Upon receipt of either notice to the Court that the Parties have resolved the remaining issue of attorneys' fees and costs or an Order from the Court awarding Plaintiff's counsel the same, the Court shall dismiss this action with prejudice, deny all pending motions as moot, and instruct the Clerk of Court to close this case.

4. The Court shall retain jurisdiction over this matter for purposes of enforcing the Parties' Settlement Agreement and resolving any disputes arising thereunder.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 31st day of July, 2012.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE